**Darryl KINNEY, Plaintiff–Appellant,**

v.

**HAMILTON PARTNERS,
Defendant–Appellee.**

No. 04–2122.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 23, 2004.*

Decided Sept. 23, 2004.

Rehearing Denied Nov. 3, 2004.

Darryl W. Kinney, Gurnee, IL, pro se.

James J. Convery, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Chicago, IL, for Defendant–Appellee.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

### ORDER

Darryl Kinney sued his former employer, Hamilton Partners, for race discrimination and retaliation under Title VII, despite having entered (with the assistance of counsel) into a severance agreement in which he waived his right to sue. In exchange, he received three months' salary and Hamilton's promise not to contest his claim to unemployment benefits. The district court found that Kinney's waiver was knowing and voluntary, *see Pierce v. At-*

chison, Topeka & Santa Fe Ry. Co., 65 F.3d 562, 571 (7th Cir.1995) (identifying eight factors to consider in determining whether a waiver of federal civil rights was knowing and voluntary), and so granted Hamilton's motion for summary judgment. A separate state breach-of-contract claim was dismissed without prejudice.

On appeal, Kinney argues that he signed the severance agreement under duress—namely the fear of losing his unemployment benefits if he refused. But Hamilton's promise not to challenge those benefits was simply part of the bargain, and that by itself does not amount to duress. *See Pierce,* 65 F.3d at 569 (duress is not caused merely by a difficult bargaining position or the pressure of financial circumstances). Kinney also claims that he was on medication when he signed the agreement, which he says clouded his thoughts. But as the district court noted, he has provided no admissible evidence in support of this claim, and his bare assertion that the medication interfered with his will is not enough to create a genuine issue of fact. *Cf. id.* at 572 (bald assertion of misrepresentation is legally insufficient to show that a waiver was not knowing and voluntary).

AFFIRMED.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).